IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| John Doe, | ) |
| *Plaintiff* | ) ) ) ) |
| -vs- | ) (jury demand) ) |
| Village of Deerfield, Illinois, Lisa Batchelder and Gary Zalensny, | ) ) ) ) |
| *Defendants* | ) |

# COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is invoked under 28 U.S.C. §1343 and 28 U.S.C. §1367.

2. Plaintiff John Doe is a resident of the Northern District of Illinois who seeks leave to proceed under a pseudonym because of compelling reasons of personal privacy.

3. Defendant Village of Deerfield, Illinois is an Illinois municipal corporation.

4. Defendants Lisa Batchelder and Gary Zalensny are residents of the Northern District of Illinois. Plaintiff asserts only state claims against Batchelder and Zalensny.

5. In August of 2012, defendants Batchelder and Zalensny made false and malicious complaints to a police officer of the Village of Deerfield about plaintiff.

6. Defendants Batchelder and Zalensny made these false and malicious complaints intending to cause plaintiff to be arrested and charged with criminal wrongdoing.

7. Based on these maliciously false complaints, the above referred Deerfield police officer arrested plaintiff and caused him to be charged with violations of two ordinances of defendant Village of Deerfield.

8. In the course of prosecuting the ordinance violation charges, defendant Village of Deerfield became aware the charges were false and malicious; defendant Village of Deerfield nonetheless refused to dismiss the charges, but vigorously prosecuted those charges.

9. A substantial motivating factor in the decision to charge plaintiff with ordinance violations and in the decision to prosecute those violations was animus toward plaintiff on the part of defendant Village arising from a previous lawsuit plaintiff had filed against a Village police officer.

10. Plaintiff retained counsel to defend against the ordinance violation charges, which were resolved in plaintiff's favor on September 24, 2013. Thereafter, plaintiff secured an order from the state court expunging the records of his arrest and prosecution.

11. Plaintiff was denied equal protection of the law, as secured by the Fourteenth Amendment to the Constitution of the United States, by the irrational decision of the Village of Deerfield to prosecute him for violations of local ordinances rather than permitting the State's Attorney to exercise his discretion to decide whether plaintiff should have been prosecuted for violations of Illinois criminal law.

12. Defendant Village of Deerfield acted to further its financial interest when it prosecuted plaintiff for violations of local ordinances: under Illinois law, any fine recovered in an ordinance violation prosecution is paid to the municipality, rather than to the State of Illinois.

13. By prosecuting plaintiff for violations of local ordinances rather than permitting the State's Attorney to exercise his discretion to decide whether plaintiff should have been prosecuted for violations of Illinois criminal law, defendant Village of Deerfield deprived plaintiff of protections afforded to persons accused of crimes, including:

    a. the right to be prosecuted by an impartial prosecutor,

  b. the right have guilt established by a reasonable doubt (rather than by a preponderance of the evidence), and

  c. protection from an appeal by the prosecution from a finding of not guilty.

 14. In addition to the denial of equal protection, the above described acts constitute the Illinois tort of malicious prosecution, for which defendants are jointly and severally liable.

 15. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that judgment be entered against all defendants, that the Court award appropriate compensatory damages against all defendants, and appropriate punitive damages against defendants Batchelder and Zalensny, jointly and severally.

      /s/ <u>Kenneth N. Flaxman</u>
      Kenneth N. Flaxman
      ARDC No. 08830399
      Joel A. Flaxman
      200 S Michigan Ave, Ste 201
      Chicago, IL 60604
      (312) 427-3200
      *Attorneys for Plaintiff*