IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 C 7423 |
| | ) |
| VILLAGE OF DEERFIELD, ILLINOIS; LISA BATCHELDER; and GARY ZALENSNY, | ) ) ) |
| | ) |
| Defendants. | ) |

ORDER

Plaintiff's motion to leave to proceed under the pseudonym "John Doe" (Dkt. No. 20) is DENIED and Defendants' motions to dismiss the complaint on the ground that Plaintiff cannot litigate anonymously (Dkt. Nos. 11 and 16) is GRANTED for the reasons stated below. The dismissal is without prejudice.

If Plaintiff wishes to pursue this litigation, he must file an amended complaint on or before 6/1/2015 that "name[s] all the parties" without using pseudonyms, Fed. R. Civ. P 10(a), or the dismissal will convert to one with prejudice.

If Plaintiff discloses his identity in an amended complaint, Defendants may renew their argument that the complaint fails to state a claim upon which relief can be granted.

1

<u>STATEMENT</u>

Plaintiff alleges that in August 2012, Lisa Batchelder and Gary Zalensny made "false and malicious" complaints about him to a Village of Deerfield ("Village") police officer that led to his arrest. The Village then charged Plaintiff with violating two local ordinances, the terms of which are not specified in the complaint. Plaintiff thinks the Village prosecuted him because he had previously sued a Village police officer. While prosecuting the ordinance violations, the Village allegedly learned that Batchelder's and Zalensny's complaints about Plaintiff were false. Yet the Village refused to dismiss the charges against Plaintiff and continued to prosecute. The case was resolved in Plaintiff's favor in September 2013, after which he secured a state court order expunging the records of his arrest and prosecution. *See* 20 ILCS § 2630/5.2 (setting forth procedures for expungement and sealing of criminal records).

Plaintiff has sued the Village for allegedly violating his right to equal protection of the laws when it made the "irrational decision" to prosecute him for local ordinance violations rather than "permitting the State's Attorney to exercise his discretion to decide whether [P]laintiff should have been prosecuted for violations of Illinois criminal law."

2

Dkt. No. 1 ("Compl.") at ¶ 11.[1]  Plaintiff also asserts a state law claim against the Village, Batchelder, and Zalensny for malicious prosecution.  *Id.* at ¶ 14.

The threshold issue in this case is whether Plaintiff may litigate under the pseudonym "John Doe" without disclosing his true identity.  The Seventh Circuit "disfavor[s] anonymous litigation."  *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) (collecting cases).  Indeed, judges have "an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts."  *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997); *see also Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (there must be "compelling reasons of personal privacy to litigate under a pseudonym" (internal comma removed)).

"The presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff... exceeds the likely harm from concealment."  *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).  In other words, courts must "balance carefully the privacy/security

---

[1] Plaintiff did not expressly raise a First Amendment retaliation claim, but federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346 (2014) (per curiam).

3

concerns of the litigants against the right of the public to be informed fully about litigation in the United States courts." *Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 722 (7th Cir. 2011), *aff'd en banc in relevant part*, 687 F.3d 840, 842-43 (7th Cir. 2012).

Plaintiff argues that the purpose of the order expunging his arrest and prosecution records "would be defeated if [he] were required to publicize the material expunged by the state court order." Dkt. No. 20 at 2. In support of this argument, Plaintiff cites a string of cases in which courts ruling on motions to expunge *sue sponte* referred to the defendant as "John Doe" so as not to undermine the effectiveness of the resulting expungement order. *See Doe v. Immigration and Customs Enforcement*, No. M-54 (HB), 2004 WL 1469464 (S.D.N.Y. 2004); *U.S. v. Doe*, No. 71 CR 439(JMC), 2004 WL 2071781 (S.D.N.Y. 2004); *U.S. v. Doe*, 935 F. Supp. 478 (S.D.N.Y. 1996).

This case is not an expungement proceeding. Plaintiff has already obtained an expungement order in state court. He now seeks to use that order not only as a shield against administrative inquiries for his expunged records, *see* 20 ILCS § 2630/5.2(d)(9), but also as the basis for anonymity during collateral litigation that he initiated on his own accord. No one forced Plaintiff to sue the Village and two citizens who allegedly made false complaints that led to his arrest and

4

prosecution. Having filed suit in federal court, Plaintiff must accept that "the public has a right to know who is utilizing the federal courts that its tax dollars support." *Coe v. County of Cook*, 162 F.3d 491, 498 (7th Cir. 1998); *see also Doe v. City of Chicago*, 360 F.3d at 669 ("The concealment of a party's name impedes public access to the facts of the case, which include the parties' [sic] identity.").

Plaintiff's asserted privacy interest boils down to the embarrassment he may feel if his name--and the allegedly false accusations that Defendants made against him--become public. As a general matter, "embarrassment is not a compelling basis for a waiver of the general rule that parties to federal litigation must litigate under their real names." *Coe v. County of Cook*, 162 F.3d at 498; *see also Doe v. Sheriff of DuPage County*, 128 F.3d 586 (7th Cir. 1997) (holding that details of allegedly unconstitutional booking procedure were "not sensitive enough to justify [anonymity]"). Moreover, I fail to see why public disclosure of Plaintiff's name would be embarrassing given that he defeated the Village's charges against him. It is Defendants, not Plaintiff, who "face[] [possible] disgrace if the complaint's allegations can be substantiated." *Doe v. Smith*, 429 F.3d at 709. In contrast, Plaintiff is seeking to make accusations behind a shield of anonymity that would protect

5

him from "shame or liability" if his case ultimately has no merit. *Id*.

In sum, Plaintiff has not demonstrated that "exceptional circumstances" justify a departure from the general rule--codified in Rule 10(a) of the Federal Rules of Civil Procedure--that he must litigate in his own name rather than under a pseudonym. *Doe v. Blue Cross*, 112 F.3d at 872. Having concluded that anonymous litigation is inappropriate, I must give Plaintiff an opportunity to "to dismiss the suit in lieu of revealing [his] name." *Doe v. Smith*, 429 F.3d at 710.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: May 18, 2015