```
                IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION


JOHN DOE,                          )
                                   )    Docket No. 14 CV 07423
              Plaintiff,           )
                                   )
        vs.                        )
                                   )    Chicago, Illinois
VILLAGE OF DEERFIELD,              )    June 5, 2015
ILLINOIS, LISA BATCHELDER          )    9:32 a.m.
and GARY ZALENSNY,                 )
                                   )
              Defendants.          )


             TRANSCRIPT OF PROCEEDINGS - Status
           BEFORE THE HONORABLE ELAINE E. BUCKLO


APPEARANCES:


For the Plaintiff:         MR. KENNETH N. FLAXMAN
                           200 South Michigan Avenue, Suite 201
                           Chicago, Illinois  60604


For the Defendant:         ANCEL, GLINK, DIAMOND, BUSH,
Village of Deerfield       DICIANNI & KRAFTHEFER, PC
                           BY:  MS. LUCY B. BEDNAREK
                           140 South Dearborn, Suite 600
                           Chicago, Illinois  60603

For the Defendant:         LAW OFFICE OF ROBERTO HABIB
Gary Zalensny              BY:  MR. ROBERT A. HABIB
                           77 West Washington Street
                           Chicago, Illinois  60602


Court Reporter:            SANDRA M. TENNIS, CSR, RMR, FCRR
                           Official Court Reporter
                           219 S. Dearborn Street, Suite 2260
                           Chicago, Illinois  60604
                           (312) 554-8244
                           sandra_tennis@ilnd.uscourts.gov
```

1  THE CLERK: 14 CV 7423 Doe versus Deerfield.
2  MR. FLAXMAN: Good morning, your Honor. Kenneth
3  Flaxman.
4  THE COURT: Good morning.
5  MS. BEDNAREK: Good morning. Lucy Bednarek on
6  behalf of the village.
7  MR. HABIB: Good morning, your Honor. Robert
8  Habib. I represent Gary Zalensny.
9  THE COURT: Good morning.
10  MR. FLAXMAN: Did you see the motion I filed last
11  night?
12  THE COURT: I did. See, my problem is that, once
13  you file -- as you know, once you file an appeal, I wasn't
14  even sure that I -- you know, somehow we had -- Jackie just
15  somehow didn't -- missed the order that I had written in
16  terms of the explanation, or only the one part got in and not
17  the rest. But I wasn't even sure if I could enter the other
18  later. But obviously, if I didn't, they're just going to
19  send it back and say, why did you do this; or maybe they're
20  not because maybe they're going to say they don't have
21  jurisdiction.
22  My concern about -- I mean, I guess I can grant
23  your motion to withdraw. I guess that's not a problem. I
24  think I can do that anytime because that's not up on appeal.
25  I'm not sure -- I'm not sure it's -- well, I guess --

| | |
|---|---|
| 1 | MR. FLAXMAN: Well -- |
| 2 | THE COURT: I think I'll skip -- I mean, what I |
| 3 | wanted to do was just dismiss it because I think that's the |
| 4 | appropriate thing. And then if you wanted to go up and argue |
| 5 | about it, you could. |
| 6 | MR. FLAXMAN: But he might -- |
| 7 | THE COURT: Or somebody. |
| 8 | MR. FLAXMAN: Well, he might very well say that |
| 9 | I -- here is my true identity and Flaxman is an idiot and |
| 10 | didn't do these things with my authorization, or something. |
| 11 | I don't know what he is going to say. But he might very well |
| 12 | not have the same -- not express to you the same vigor about |
| 13 | being anonymous that I expressed to you -- |
| 14 | THE COURT: Well, that's fine. |
| 15 | MR. FLAXMAN: -- in the papers. |
| 16 | THE COURT: If he wants to pursue his suit, then |
| 17 | change it to a real name and go ahead, to the extent that |
| 18 | there is a valid suit. |
| 19 | MR. FLAXMAN: He might very well want to do that, |
| 20 | but I -- |
| 21 | THE COURT: Well, I wasn't going to dismiss it |
| 22 | without leave -- I mean, I had -- I gave you leave to amend |
| 23 | and put his name in. |
| 24 | MR. FLAXMAN: Well, speaking academically, I think |
| 25 | it's a fascinating issue about whether this is an appealable |

order as a collateral order. And it's fascinating whether, in the world of the internet and everything being available to everybody, the same confidentiality or lack of confidentiality or lack of pseudonym respect that the court -- Seventh Circuit expressed ten years ago is still applicable. But this is not the right case to raise that now, given some developments.

        MR. HABIB: It might be a fascinating legal issue, but the fact is I've got a small client, Zalensny, who has been brought into this lawsuit. The Court has granted my motion to dismiss the complaint. Of course, it gave me leave to re-file.

        So while Mr. Flaxman can look at this, this is a fascinating legal issue, what we should do here, at this point, since the Court already granted the motion to dismiss the complaint, counsel has not filed an amended complaint at all, counsel is now saying he is being --

        THE COURT: True. I gave you time.

        MR. HABIB: -- withdrawn based upon --

        THE COURT: So I think at this point, deal with the Seventh Circuit. That's all I can say.

        MR. HABIB: But, also, I would like at it this way: Counsel, in his motion to withdraw, has specifically stated at this point that his reason for withdrawal is that this John Doe character used his real name in another lawsuit.

1  Well, here is our situation. We do not have a complaint on
2  file because it has been struck. We have the representation
3  by counsel now that he has to withdraw due to what a, however
4  you want to describe it, the actions of the John Doe
5  character which, in effect, is an insult, to the way I look
6  at it, to this Court.
7  So what I would ask the Court to do is this:
8  Dismiss this case right now. And if this John Doe character
9  wants to appeal, or, better yet, if he wants to re-file a new
10 lawsuit, let him do so. But from my point of view --
11 THE COURT: I think that's what I did.
12 MR. HABIB: -- Zalensny can't afford -- barely
13 afford to pay me. We're stuck here. Counsel might talk
14 about we have interesting legal issues here.
15 MS. BEDNAREK: Your Honor?
16 MR. HABIB: Maybe they are. But that's not the way
17 I look at it.
18 MS. BEDNAREK: Your Honor, if I may? I think your
19 last order was if plaintiff did not file an amended
20 complaint, the dismissal would convert to with prejudice.
21 And I don't think that your Honor has entered an order
22 stating that it is now with prejudice. I think the minute
23 entry order and the memorandum had two different types of
24 language, whether it would automatically convert, whether
25 your Honor would need to enter one.

| | |
|---|---|
| 1 | THE COURT: Oh. |
| 2 | MS. BEDNAREK: So I think that, if that happens, |
| 3 | then Seventh Circuit can deal with it. |
| 4 | THE COURT: Okay. My only concern, as I said at |
| 5 | the beginning was, what orders are appropriate for a District |
| 6 | court to enter after somebody has -- while something is |
| 7 | pending upstairs, I don't even know -- well, I guess you |
| 8 | appealed -- Oh, I don't see why it should stop -- they can |
| 9 | always tell me if they don't like it. |
| 10 | MR. FLAXMAN: Well, I would -- I would ask your |
| 11 | Honor to do what your Honor said she was going to do at the |
| 12 | beginning, which is to allow the Flaxman people to withdraw |
| 13 | and give Mr. Doe until -- 14 days to -- to file a complaint |
| 14 | with his true identity. |
| 15 | THE COURT: I'll think about it. |
| 16 | MR. FLAXMAN: I think it would be -- I don't know, |
| 17 | just speaking academically because I don't have -- I hope I |
| 18 | don't have any stake in the outcome of this. I think it |
| 19 | would be abuse of discretion to dismiss the case right now |
| 20 | today while we filed, in good faith, a motion to stay |
| 21 | proceedings while the appeal is pending and not giving the |
| 22 | plaintiff actual notice of what's going on when his attorney |
| 23 | appears and says I can't represent this guy anymore. I think |
| 24 | you have to give him time to decide what he wants to do. And |
| 25 | I suspect that he'll file with his other attorney a complaint |

1  with his name. And this whole thing will be moot and it will
2  just be another bad experience in my legal career.
3           MR. HABIB: Actually, your Honor, I kind of look at
4  it this way: We have the complaint, which your Honor struck
5  at this point. We also have showing, as represented by
6  counsel, that, in effect, the reasons that he was proceeding
7  with John Doe at this point are nonsense because he used his
8  name, apparently, in a real lawsuit at this point.
9           So the situation this Court has before it is this:
10 We have a complaint that -- there is no complaint on file at
11 the moment. But, more important, we have the very fact that,
12 in effect, this John Doe at this point, in his claim at this
13 point that he does not want to reveal his identity has, in
14 effect, misled the Court, maybe Mr. Flaxman, whatever, at
15 this point because he has now, apparently, according to
16 Mr. Flaxman's motion, setting forth that he used his name in
17 another lawsuit against, apparently, another type of civil
18 rights suit.
19          So I think the Court right now both has the
20 jurisdiction and, more important, good reason to simply
21 dismiss this case. You've got a basic misrepresentation by
22 the plaintiff when he went -- when he went forward with this
23 lawsuit that it was crucial to protect his John Doe
24 character. And, in effect, he is claiming now that's not the
25 case.

1  THE COURT: Well, at this point I think I better
2  reread the complaint, to start with. But I'm not going to do
3  it while I'm in court, so. Okay. I'll do something with it
4  later today, according to what I think is procedurally proper
5  and with what you say in mind, looking at the complaint.
6  I mean, the basic complaint I don't think had to do
7  with the John Doe issue, it had to do with what he says was
8  his, I think, violation. But, honestly, I haven't read the
9  complaint in two months so I don't want to make any statement
10 about what's in that complaint without going back and
11 spending ten minutes looking at it, five minutes, whatever it
12 takes. Okay. I'll do something after court. Thank you.
13 MR. HABIB: All right. Thank you, your Honor.
14 MS. BEDNAREK: Thank you, Judge.
15 (Which were all the proceedings heard.)

## CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*/s/Sandra M. Tennis*                *June 24, 2015*

_____        _____
Sandra M. Tennis                                     Date
Official Court Reporter