FILED
8/23/2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kenneth Neiman, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 CV 7423 |
| | ) | Hon. Elaine Bucko |
| vs. | ) | |
| | ) | |
| Lisa Batchelder, Gary Zalesny, | ) | (Jury Demanded) |
| The Village of Deerfield, Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

**First Amended Complaint**

NOW COMES Plaintiff and complains of the Defendants as follows:

**Count I - First Amendment Violation (Retaliatory Conduct)**

1. Jurisdiction is proper pursuant to because these allegations arise under 42 U.S.C. §1983. Jurisdiction for the state law claims is based upon pendent federal pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claim that are so related to the claim within the original jurisdiction of this Court that they form part of the same case or controversy.

2. Plaintiff Kenneth Neiman (formerly "John Doe") resides in this judicial district.

3. Defendant Village of Deerfield is an Illinois municipal corporation.

4. Defendant Quinn Curren at times relevant was a Village of Deerfield police officer.

5. Defendant Law Offices of Winer & Winer, upon information and belief, at all times relevant operated as an unregistered general partnership whose general partners or owners included Evan Winer reside and transact business in this judicial district. Plaintiff joins all unknown partners of the unregistered general partnership known as "Winer and Winer" as parties to this case and any judgment pursuant to 805 ILCS § 405/6.

¶'s
Ex A

1

6. Defendants "Winer and Winer" and Evan Winer acted as an agent for Defendant Village of Deerfield with actual and/or apparent authority as to the allegations herein.

7. Defendant Lisa Batchelder is a resident of this judicial district.

8. Defendant Gary Zalesny is a resident of this judicial district.

9. Defendant Batchelder at all times relevant was acting for herself and/or as an agent of Dorothy Batchelder with actual and/or apparent authority relative to the allegations herein.

10. Defendant Zalesney at all times relevant was acting as an agent for Batchelder with actual and/or apparent authority relative to the allegations herein.

11. On or about July 30, 2012, a Permit Application was submitted to the Village of Deerfield to obtain authority to conduct a garage sale at the premises commonly known as 1730 Portage Pass, Deerfield, Illinois. (Premises in question)

12. On or about July 30, 2012, in apparent reliance upon the above Permit Application, Defendant Village of Deerfield issued a garage sale permit to occur at the premises in question, subject to conditions including those stated on the face of the Application.

13. On or about August 24, 2012, Defendants Batchelder and Zalesny jointly posted more than one temporary "garage sale sign" in violation of the stated conditions on the above Permit Application including placing one or more such signs well in excess of 500 feet from the premises in question alongside Illinois State Route 43.

14. On or about August 24, 2012, Defendants Batchelder and Zalesny jointly violated the terms of the Permit Application and further violated Village of Deerfield's "Municipal Ordinance Sec. 15-26. Posting Bill Or Advertisement: No person shall post any bill or advertisement on any property without the written consent of the owner thereof"

15. On or about August 25, 2012, Defendants Batchelder and Zalesny also violated Village of Deerfield's local ordinance "Sec. 15-44. Posting notices. No person shall post or affix a notice, poster or other paper or device, calculated to attract the attention of the public, to a lamp post, public utility pole or shade tree or upon any public structure or building, except as may be authorized by the owners thereof or required by law."

16. On or about August 25, 2012, at approximately 9:00 P.M., Batchelder called 911 and deliberately made false and misleading statements and/or complaints against Plaintiff regarding Batcheler's alleged temporary "garage sale" signs only that were not located where authorized by the above Permit Application and local ordinances.

17. Shortly thereafter on the same date and in reliance upon Batchelder's above deliberately false and misleading 911 statements, Defendant Village of Deerfield sent one or more police officers (or agents) including Defendant Quinn Curren to respond to Batchelders' above 911 call. At that time, Batchelder made additional false and/or contradictory false statements and/or complaints to said police officer(s) regarding her alleged "garage sale sign" and deliberately made additional false and misleading statements about her personal safety from Plaintiff not disclosed in her above "911" call.

18. In and about the time of the allegations above, Defendant Zalesny also deliberately made materially false and materially misleading statements and/or complaints to the above-named officer(s) against Plaintiff.

19. Defendants Batchelder and Zalesny made the above alleged deliberately material false and/or inconsistent false statements and/or complaints expecting a Village of Deerfield's police officer(s) to make a custodial arrest of Plaintiff and said officer Quinn Curren in fact falsely arrested Plaintiff knowing probable cause didn't exist.

3

20. On the same date, but after the above wrongful custodial arrest and while Plaintiff was in the Village of Deerfield's custody, Defendant Batchelder deliberately scribed and signed, under oath, a voluntary sworn statement alleging additional materially false and misleading statements against Plaintiff to inflict harm upon Plaintiff and in fact inflicted harm upon Plaintiff.

21. At or about the time alleged in paragraph twenty above, Defendant Zalesny also deliberately scribed and signed, under oath, a voluntary sworn statement that was materially false and misleading against Plaintiff to inflict harm upon Plaintiff that was inflicted upon Plaintiff.

22. In reliance upon the above Defendants Batchelder and Zalesny's above actions, the Village of Deerfield, by and through one or more of its police officers (or agents) including Defendant Quinn Curran drafted and/or caused to be drafted a "Summons and Complaint" alleging Plaintiff violated a local ordinance 15-29.1, for "injuring or destroying property" (incorrectly scribed as "Criminal Damage to Property') relating to Batchelder's above-alleged "garage sale sign" and a second "Summons and Complaint" for allegedly violating another local ordinance, 15-29.6, for alleged "Disorderly conduct".

23. Defendant Batchelder deliberately signed the foregoing complaints, under oath, knowing they were materially false, refused to retract them and in fact were false.

24. By reason of Batchelder and Zalesny's materially false and misleading statements above and the Village of Deerfield's animus towards Plaintiff regarding prior litigation, Plaintiff was served with a Summons and Complaint for each of the above-alleged local ordinances.

25. As a direct result of Plaintiff being cited as aforesaid, Plaintiff was required to post cash bail for each of the above Complaints and comply with bail restrictions.

26. Plaintiff was required to pay money to retain counsel to defend the above Complaints.

27. Defendant Village of Deerfield by and through its actual and/or apparent agent Winer & Winer including Evan Winer continued the above prosecution after Plaintiff was served with the foregoing Complaints. Alternatively, Defendant Winer and Winer didn't have the Village of Deerfield's authority to continue to prosecute either or both of the above Complaints *after* Winer and Winer and Evan Winer knew they could not meet the requisite standard of proof for either or both of the Complaints.

28. Plaintiff made multiple court appearances before being granted directed verdicts at the close of the Village of Deerfield's case. Both Complaints were dismissed in Plaintiffs favor.

29. By reason of the above, Plaintiff sustained damages.

30. Plaintiff filed petitions to expunge both of the above charges under Illinois law and paid a filing fee to file each such petition.

Wherefore, Plaintiff prays for a judgment in favor of Plaintiff and against Defendants Village of Deerfield, Quinn Curren, Winer and Winer, Evan Winer and all unknown owners of the unregistered general partnership known as Winer and Winer for compensatory damages, punitive damages, attorneys' fees

### Count II - Fourteenth Amendment Violation (Equal Protection)

1. - 31. Plaintiff re-alleges and reincorporates by reference the allegations set forth above as fully set forth herein.

32. A substantial motivating factor in the Village of Deerfield's decision to arrest and thereafter deliberately and maliciously prosecute Plaintiff on the local level and not through an impartial state prosecutor was the Village's animus towards Plaintiff arising out of prior civil litigation in which Plaintiff obtained an order directing the Village of Deerfield to expunge a different criminal case wherein Plaintiff also prevailed.

5

33. But not for the Village of Deerfield not having obeyed the above expungement order, Plaintiff would not have been falsely arrested and thereafter maliciously prosecuted.

34. At all times relevant, the Village of Deerfield including Defendant Curren knew that no probable cause existed, but arrested, charged and maliciously prosecuted Plaintiff as aforesaid.

35. The Village of Deerfield and the Deerfield Police knew any alleged conduct by defendant in relation to an illegally posted sign was not a crime pursuant to: "Municipal Code Sec. 15-25. Defacing Legal Advertisement Or Notice Prohibited: No person shall injure or deface any *lawful* advertisement or notice." (Emphasis added)

36. Defendant Village of Deerfield's retaliatory conduct above violated Plaintiffs' First and Fourteenth Amendments rights under the United States Constitution.

37. Defendant Village of Deerfield denied Plaintiff equal protection under the law secured by the Fourteenth Amendment of the United States Constitution by the irrational decision to prosecute Plaintiff for alleged violations of two local ordinances that conflicted with other ordinances including ¶ 36 above, thus rendering Plaintiff's alleged conduct a non-crime, rather than permitting an Illinois State's Attorney to exercise his discretion to decide whether Plaintiff should have been arrested, charged, and prosecuted for allegedly violating Illinois criminal law.

38. Defendant Village of Deerfield acted to further its own financial interest by falsely charging and maliciously prosecuting Plaintiff for both of the above local ordinances, upon information and belief, without consulting an Illinois State's Attorney expecting any fine imposed against Plaintiff is paid to and for the benefit of the Village of Deerfield and not the State of Illinois.

39. Had the Village of Deerfield and its agent Defendant Curren not deprived an Illinois State's Attorney from having a choice as alleged above, Plaintiff was deprived of the protections

afforded to persons accused of crimes on the state level, including: (a) the right to be prosecuted by an impartial prosecutor, (b) the right to have guilt established by a reasonable doubt (rather than by a preponderance of the evidence), and (c) took away Plaintiff's assurance that both acquittals were in fact final and not appealable.

40. If an impartial prosecutor were consulted, a reasonable impartial prosecutor would have instructed Defendant Quinn to secure the "garage sale sign" in question and otherwise preserve the "garage sale sign".

41. Defendant Village of Deerfield and its agent or officer knew Batchelder and Zalesny allegations, as drafted through Curren, didn't constitute the criminal wrongdoing.

42. Plaintiff obtained an expungement after the favorable termination of a different case ordering Defendant Village of Deerfield to expunge all records of that case.

43. Defendant Village of Deerfield failed to fully obey the above expungement order.

44. Defendant Village of Deerfield's failure to fully obey the preceding expungement order played substantial contributing factor to charge Plaintiff as aforesaid.

45. Village of Deerfield, in unlawfully arresting, charging and maliciously prosecuting Plaintiff, the Village of Deerfield and its agents alleged herein violated Plaintiffs right to equal protection under the Fourteenth Amendment of the United States Constitution by treating Plaintiff differently than all others by accusing and prosecuting Plaintiff for allegations inconsistent with the two above local ordinances. Additionally, the Village of Deerfield and its agent or officer Curren knew the allegations in either or both of the above Complaints did not constitute criminal wrongdoing. Defendant Curren also knew from Batchelder and Zalseny that the "garage sale sign" that was the subject of the above criminal Complaint was a fungible used temporary property that was either abandoned and/or its lawful owner had no reasonable

expectation of obtaining it back. Further, Defendant Curren knew from Batchelder and/or Zalesny's description thereof that the above "garage sale sign" was litter that Curren knew couldn't be lawfully posted on Illinois State Route 43.

Wherefore, Plaintiff prays for a judgment in favor of Plaintiff and against Defendants Village of Deerfield and Quinn Curren, jointly and severally, for compensatory damages, punitive damages, attorneys' fees and costs.

### Count III – 42 U.S.C. § 1983 Statutory Claim Directed At Village of Deerfield ("Monell" Claim)

1. – 46. Plaintiff re-alleges and reincorporates by reference paragraphs 1, 3 and 4 above as being set for in this count as paragraphs 1 through 46.

47. At all times relevant to this complaint, Defendant Village of Deerfield had an express policy and a custom and practice to regularly or in the ordinary course of business to not fully expunge criminal records that should have otherwise been fully expunged by reason of express court orders to do so from courts of competent jurisdiction. Alternatively, Defendants Village of Deerfield and Curren took advantage of or benefited from the preceding customary practice to use Batchelder's 911 call and subsequent false statements by Batchelder and Zalesny to then single Plaintiff out by using expunged information relating to Plaintiff that should not have been available to the Village of Deerfield or anyone else and thereafter consisted and used that expunged information or data as a motivating factor to initially arrest and charge Plaintiff and thereafter maliciously prosecute Plaintiff.

49. Defendant Village of Deerfield's above policy deprived Plaintiff of his constitutional right to be free from retaliatory conduct and the denial of equal protection under federal law.

8

50. The above policy also subjected Plaintiff to "in equal treatment" and retaliatory conduct by effectuating a custodial arrest and setting bail, rather than issuing a Notice to Appear without a custodial arrest and/or bail.

51. At all times relevant, Defendant Curren was a "rookie" officer.

52. The Village of Deerfield is also liable to Plaintiff for failing to train its officers to properly and equally enforce it municipal ordinances and violations thereof. In this case, the Village failed to properly train its agents, employees and/or officers that it is not criminal under their local ordinances for citizens including Plaintiff to allegedly "pick up and fold" an illegally littered and abandoned "garage sale sign". The Village of Deerfield also failed to properly train Defendant Curren to preserve the "garage sale sign" by taking same into evidence and maintaining the requisite chain of custody. The Village also failed to properly train its officers to effectuate a custodial arrest without probable cause when the Complainant signs a Complaint that is materially inconsistent with a simultaneously hand written voluntary sworn statement to take no further action against the detainee and then promptly release said detainee from custody without charges. Upon information and belief, Defendant Village of Deerfield failed to properly train Defendant Curren and his immediate supervisor at the scene of the custodial arrest for the elements to call an independent prosecutor and determine whether to pursue charges, the extent thereof and to secure all physical evidence. As a result of that failure to properly train, Plaintiff sustained damages.

Wherefore, Plaintiff prays for a judgment in favor of Plaintiff and against Defendants Village of Deerfield and Quinn Curren, jointly and severally, for compensatory damages, punitive damages, attorney's fees and costs of suit.

**Count IV – Malicious Prosecution Directed At All Defendants**

9

1. - 53. Plaintiff re-alleges and reincorporates by reference the allegations set for in each preceding paragraph as if fully set forth herein.

54. A substantial motivating factor in the decision of the Village of Deerfield to charge plaintiff with ordinance violations and the decision to prosecute those violations was animus and malice toward plaintiff on the part of defendant Village arising from a previous lawsuit plaintiff had filed against a Village police officer regarding a prior incident that was also resolved in favor of Plaintiff.

55. A substantial motivating factor in the decision of defendants Batchelder and Zalesny to provide false statements to police was their desire to settle a "neighbor spat" with an unnamed individual who was not Plaintiff, nor known to Plaintiff but did in fact own the same breed of dog Plaintiff was walking that night with his 15-year old daughter.

56. The above-alleged deliberate acts constitute the tort of malicious prosecution under Illinois law.

Wherefore, Plaintiff prays for a judgment in favor of Plaintiff and against Defendants jointly and severally, for compensatory and actual damages and Plaintiff seeks to hold defendants jointly and severally liable.

### Count V - Malicious Prosecution (Expungments)
### Directed At Defendant Village of Deerfield, Winer and Winer and Evan Winer

1.- 57. Plaintiff re-alleges and reincorporates paragraphs 1 - 6 and 11 - 56 as being fully set forth in this count as paragraphs 1 – 57.

58. Defendant Village of Deerfield by and through its authorized and/or apparent agent(s) Winer & Winer maliciously prosecuted Plaintiff through multiple court appearances including multiple trial sessions culminating in Plaintiff obtaining an acquittal of both of the above complaints on or about September 24, 2013 at the close of the Village of Deerfield's case.

59. Beginning in October of 2013, Defendant Village of Deerfield, by and through its apparent agent Winer and Winer and Evan Winer purposefully objected to Plaintiffs above petitions to expunge the above cases by knowingly interposing non-existent bases with an unreasonable expectation having the objection sustained but hindered and delayed the granting of both petitions to expunge until August 2014. Alternatively, Winer and Winer, including Evan Winer, acted beyond the scope of their agency authority from Defendant Village of Deerfield in the preceding manner.

60. Defendant Village of Deerfield and Winer and Winer, including Evan Winer, knew their needlessly requiring Plaintiff to appear and re-appear to obtain an expungement of both cases was inflicting special injuries, damages and pain and suffering that would not have otherwise been endured but for Winer and Winer including Evan Winer repeatedly causing Plaintiff to appear and refute Evan Winer's groundless objections to the entry of both petitions to expunge.

61. Defendant Village of Deerfield, by and through its actual and/or apparent agent Winer and Winer and Evan Winer, instructed either or both Defendants to oppose both of Plaintiffs above petitions to expunge and Evan Winer in fact opposed both expungements when said Defendant knew there was no valid basis to object. Alternatively, Winer & Winer including Evan Winer exceeded the scope of its agency authority by opposing Plaintiffs petitions to expunge in the preceding sentence.

Wherefore, Plaintiff seeks a judgment in favor of Plaintiff and against Defendant Village of Deerfield for compensatory and punitive damages arising out of the above Constitutional violations and a separate judgment for common law malicious prosecution in favor of Plaintiff and against Defendants, jointly and severally, for compensatory and punitive damages, attorneys' fees and costs.

11

Jury Trial Demanded As to All Claims

Respectfully Submitted,

_____
Kenneth Neiman

Kenneth Neiman
Plaintiff
1705 Overland Trail
Deerfield, Illinois 60015
Tel: 224-223-6105