**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH NEIMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 C 7423 |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| LISA BATCHELDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court awards pro se Plaintiff $2,460.65 in costs against Defendant Lisa Batchelder pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.

## STATEMENT

On December 2, 2016, pro se Plaintiff Kenneth Neiman filed a Second Amended Complaint alleging that Defendants violated his constitutional rights, *see* 42 U.S.C. § 1983, along with state law malicious prosecution claims. *See* 28 U.S.C. § 1331, 1367(a). Certain Defendants settled this lawsuit with Plaintiff and the Court granted other Defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). On December 12, 2016, the Court granted pro se Plaintiff's motion for default and entered default against Defendant Lisa Batchelder. Before the Court is pro se Plaintiff's prove-up for damages related to Batchelder's liability. As discussed in detail below, because Plaintiff failed to provide evidence in support of damages, the Court construes his prove-up as a Bill of Costs under Rule 54(d)(1) and 28 U.S.C. § 1920, and awards Plaintiff $2,507.33 in costs against Defendant Batchelder.

## BACKGROUND

Plaintiff, by counsel, filed his original Complaint on September 23, 2014, against the Village of Deerfield and two Deerfield residents, Lisa Batchelder and Gary Zalesny. Plaintiff's allegations were based on his arrest by Deerfield police on August 25, 2012 and his alleged violation of municipal ordinances. Plaintiff had originally filed this lawsuit as John Doe, and in the Village's first motion to dismiss, the Village argued that Plaintiff should not be allowed to proceed anonymously. The then-presiding district judge granted the motion ruling that Plaintiff could not litigate anonymously and granted Plaintiff leave to file an Amended Complaint.

Instead of filing an Amended Complaint, Plaintiff appealed the district court's May 5, 2015 decision by filing a notice of appeal on May 15, 2015. Thereafter, the district court granted counsel's motion to withdraw as Plaintiff's attorney on June 5, 2015. On April 12, 2016, the Seventh Circuit affirmed the decision denying Plaintiff's request to proceed anonymously, and

the mandate issued on May 31, 2016. On June 24, 2016, the district court granted Plaintiff leave to file an Amended Complaint. After the Executive Committee reassigned the matter to this Court, Plaintiff filed a pro se First Amended Complaint on August 23, 2016 adding the Winer Defendants to this lawsuit. Pro se Plaintiff filed the present Second Amended Complaint on December 2, 2016. Because Defendant Batchelder failed to file an appearance or otherwise defend herself, the Court granted Plaintiff's motion for default judgment on December 12, 2016.

## ANALYSIS

Pro se Plaintiff provides an "affidavit" setting forth damages and costs incurred in this litigation. Although Plaintiff asserts that he based his affidavit on personal knowledge, he has failed to sign his affidavit under penalty of perjury and his affidavit is not notarized. *See Sheikh v. Grant Reg'l Health Ctr.,* 769 F.3d 549, 551 (7th Cir. 2014). Thus, Plaintiff has not provided evidence in support of his damages. *See id.*; *Rivera v. Allstate Ins. Co.*, 140 F. Supp. 3d 722, 729 (N.D. Ill. 2015). Moreover, pro se Plaintiff has failed to attach any documentation supporting his requests. Plaintiff is a well-seasoned pro se litigant in the federal and state courts and is abundantly familiar with legal requirements. *See Neiman v. Arnold,* 17 C 0887 (N.D. Ill.); *Neiman v. Citibank,* 16 C 4265, *Neiman v. Deerfield,* 15 C 4300 (N.D. Ill.); *Neiman v. Chase Bank*, 13 C 8944 (N.D. Ill.); *Neiman v. O'Connell,* 06 C 4061, *Neiman v. Potocki,* 02 C 1565 (N.D. Ill.); *Neiman v. Keane,* 98 C 3209 (N.D. Ill.); *Neiman v. Irmen,* 07 A 0404 (N.D. Ill Bankr.); *see also Neiman v. Farmers Auto. Ins. Assoc.,* 12-CH-40821 (Cook County Cir. Court); *Neiman v. Econ. Preferred Ins. Co.*, 357 Ill. App. 3d 786, 788 (1st Dist. 2005). Accordingly, the Court liberally construes pro se Plaintiff's request for damages as a Bill of Costs pursuant to Rule 54(d)(1) and 28 U.S.C. § 1920 because Plaintiff was the prevailing party against Defendant Batchelder.

To clarify, Rule 54(d)(1) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *See* Fed.R.Civ.P. 54(d)(1). The list of recoverable costs pursuant to 28 U.S.C. § 1920, includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees under 28 U.S.C. § 1923, and (6) compensation for court-appointed experts and interpreters. *See Harney v. City of Chicago,* 702 F.3d 916, 927 (7th Cir. 2012); *U.S. Neurosurgical, Inc. v. City of Chicago,* 572 F.3d 325, 333 (7th Cir. 2009). Rule 54(d)(1) "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006); *see also U.S. Neurosurgical,* 572 F.3d at 333. Taxing costs against the non-prevailing party requires two inquiries – whether the cost is recoverable and whether the amount assessed is reasonable. *See Little v. Mitsubishi Motors N. Am., Inc.,* 514 F.3d 699, 702 (7th Cir. 2008) (per curiam). District courts have considerable discretion in determining whether a particular cost is reasonable and necessary. *See E.E.O.C. v. AutoZone, Inc.,* 707 F.3d 824, 845 (7th Cir. 2013); *U.S. Neurosurgical,* 572 F.3d at 333.

Under this standard, the Court awards the following costs as reasonable and necessary in this litigation:

1. Docketing fees in the amount of $400.00 pursuant to 28 U.S.C. § 1920(1);

2.  Service of process fees in the amount of $90.00 pursuant to 28 U.S.C. § 1920(1) and 28 C.F.R. § 0.114(a)(3); and

3.  Court reporter and transcription fees in the amount of $1,970.65 under 28 U.S.C. § 1920(2).

On the other hand, Plaintiff's request for a $12.00 bond fee, $110.00 record on appeal fee, $144.00 fee for "expungement for two ordinances," and docketing and printing fees in other courts are not only unsubstantiated, but not recoverable under Rule 54(d)(1) or 28 U.S.C. § 1920. Thus, the Court, in its discretion, awards Plaintiff $2,460.65 in costs.

Last, the Court does not award attorney's fees because pro se Plaintiff has failed to provide sufficient documentation and evidence for the Court to conduct an analysis under the lodestar method. *See Hensley v. Eckerhart,* 461 U.S. 424, 433-34 (1983); *Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 819 (7th Cir. 2002). Likewise, Plaintiff does not provide any controlling legal authority or sufficiently substantiate why he should receive $25,500.00 for his three hours in custody.

**Dated:** July 28, 2017

_____
**AMY J. ST. EVE**
**United States District Court Judge**

3